UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CAROLINE LE GRANDE, an
individual,

       Plaintiff,

vs.

DSW SHOE WAREHOUSE, INC,
a foreign for profit corporation, d/b/a
DSW,

       Defendant.
_____/

## COMPLAINT

Plaintiff, CAROLINE LE GRANDE, an individual, through undersigned counsel, sues Defendant, DSW SHOE WAREHOUSE, INC, a foreign for profit corporation, d/b/a DSW (hereinafter referred to as "DSW"), and alleges as follows:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189 ("ADA"), as amended, 28 C.F.R. Part 36 and 28 U.S.C. §§ 2201 and 2202, to prevent discrimination against visually disabled individuals, such as Plaintiff, and to provide for equal access to internet websites in order to obtain information about Defendant's merchandise.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in this Court as all actions complained of herein and injuries suffered occurred in the Southern District of Florida.

4. Plaintiff, CAROLINE LE GRANDE is a resident of Hollywood, Florida, is *sui juris,* and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. § 12101 ("ADAAA").

5. Plaintiff is and at all relevant times has been visually disabled and suffers from Strabismic Amblyopia and Microstravismus which substantially and significantly impair her vision. Plaintiff thus is substantially limited in performing one or more major life activities, including, but not limited to, utilizing the Defendant's website with information that is not ADA compliant. As such, she is a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101, *et seq.*, and in 42 U.S.C. 3602, § 802(h).

6. Because Plaintiff's visual disability limits her in the performance of major life activities, including sight, she requires assistive technologies, auxiliary aids and services for effective communication, including communication in connection with her use of a computer.

7. Plaintiff frequently utilizes the internet. Because she is significantly and permanently visually disabled, in order to effectively communicate and visualize information available on the internet and thereby visualize websites, Plaintiff uses commercially available screen reader software to interface with the various websites.

8. Defendant is a foreign for profit corporation doing business as DSW, authorized to do business and doing business in the State of Florida.

9. At all times material hereto, Defendant was and still is an organization which owns and operates numerous brick and mortar stores within the State of Florida, including the Southern District of Florida. At all material times, Defendant offered and offers a website that allows individuals to shop, take advantage of special online sales and promotions, and order items from the Website. As the owner and operator of retail stores, Defendant is defined as a place of "public accommodation" within meaning of Title III, 42 U.S.C. § 12181(7)(E) and 28 C.F.R. § 36.104(2.

10. Defendant controls, maintains, and/or operates a website located at: https://www.DSW.com (hereinafter the "Website"). Some of the functions of the Website are to provide the public with information on the various physical locations of Defendant's stores throughout the United States, within the State of Florida, and within the Southern District of Florida; selling its merchandise to the public through the Website; offering promotions and sales to online consumers; and, providing pricing information and detailed descriptions for its merchandise.

11. The Website also services Defendant's stores by providing information on its available products and branded merchandise, tips and advice, editorials, sales campaigns, events, and other information that Defendant is interested in communicating to its customers.

12. Because the public can view and purchase Defendant's merchandise on Defendant's Website that is also offered for sale by Defendant at its physical stores, and sign up for an electronic mailer to receiver offers, benefits, exclusive invitations, and discounts for its physical stores, the Website is an extension of and gateway to the

physical stores which are places of public accommodation pursuant to ADA, 42 U.S.C. § 12181(7)(E).  As such, the Website is an intangible service, with privileges and advantages of Defendant's brick and mortar store locations that must comply with all requirements of the ADA, must not discriminate against individuals with visual disabilities, and must not deny those individuals the same full and equal enjoyment of the services, privileges and advantages afforded to the non-disabled general public both online and at the physical store locations.

13.  Plaintiff is and has been a customer who continues to be interested in patronizing Defendant's physical stores in the near future, once the Website's access barriers alleged herein are remedied.  Defendant intends to search Defendant's Website for the brick and mortar store locations; check store hours; review merchandise and pricing; sign-up for electronic mail to receive offers, benefits, exclusive invitations, and discounts for use at the Website or in Defendant's physical stores.

14.  Defendant has not provided its commercial information in any other digital format that is accessible for use by visually impaired individuals who use screen reader software.

15.  Like most consumers, Plaintiff accesses numerous websites at the same time to compare merchandise, prices, sales, discounts, and promotions.  The failure of Defendant's Website to present an ADA compliant website denies Plaintiff this opportunity.

16.  Beginning February 26, 2020, Plaintiff attempted on a number of occasions to utilize Defendant's Website to browse through the merchandise and online offers to

educate herself as to the merchandise, sales, discounts, and promotions being offered with the intent of making a purchase through the Website or at one of Defendant's stores.

17. Plaintiff utilizes available screen reader software that is intended to allow individuals who are visually disabled to communicate with websites. However, Defendant's Website contains barriers that prevent full use by visually disabled individuals using keyboards and available screen reading software. These barriers are pervasive and include, but are not limited to:

a. Site function, like menu drop-down options; not labeled to integrate with the screen reader;

b. Empty links;

c. Links not labeled, and;

d. Content is presented with a loss of information.

18. The Website also lacks prompting information and accommodations necessary to allow visually disabled individuals who use screen reader software to locate and accurately fill-out online forms to purchase Defendant's merchandise from the Website.

19. Plaintiff attempted to locate an "accessibility" notice (e.g., the universal symbol for the disabled)[1], statement or policy on the Website which would direct her to a webpage with contact information for disabled individuals who have questions, concerns,

---

[1] 

or are having difficulty communicating with the Website. Plaintiff was unable to do so because no such link or notice was provided on the Website at the time of her visits.

20. The fact that Plaintiff could not communicate with or within the Website left her excluded because she was unable to participate in the same online shopping experience that provides access to merchandise, sales, discounts, and promotions provided on the Website and for use in the physical stores, as are the non-visually disabled public.

21. Plaintiff intends to use the Website to patronize Defendant's physical stores, but is unable to fully do so as she is unable to effectively communicate with Defendant due to her visual disability and the Website's access barriers. Thus, Plaintiff, as well as others with visual disabilities, will suffer continuous and ongoing harm from Defendant's intentional acts, omissions, policies, and practices as set forth herein unless ordered by this Court to bring the Website into compliance with ADA requirements.

22. Because of the nexus between Defendant's stores and the Website, and the fact that the Website clearly provides support and is connected to Defendant's stores for its operation and use, the Website is an intangible service, privilege and advantage of Defendant's brick and mortar stores that must comply with all requirements of the ADA, must not discriminate against individuals with disabilities, and must not deny those individuals the same full and equal enjoyment of the services, privileges and advantages afforded to the non-disabled public both on-line and at its physical locations, which are places of public accommodations subject to the requirements of the ADA.

23. On information and belief, Defendant has not initiated a Web Accessibility Policy to ensure full and equal use of the Website by individuals with disabilities.

24. On information and belief, Defendant has not designated an employee as a Web Accessibility Coordinator to ensure full and equal use of the Website by individuals with disabilities.

25. On information and belief, Defendant has not instituted a Web Accessibility User Accessibility Testing Group to ensure full and equal use of the Website by individuals with disabilities.

26. On information and belief, Defendant has not instituted a User Accessibility Testing Group to ensure full and equal use of the Website by individuals with disabilities.

27. On information and belief, Defendant has not instituted an Automated Web Accessibility Testing program.

28. On information and belief, Defendant has not created and instituted a Specialized Customer Assistance line or service or email contact mode for customer assistance for the visually disabled.

29. On information and belief, Defendant has not created and instituted on the Website a page for individuals with disabilities; displayed a link and information hotline; and has not created an information portal explaining when and how Defendant will have the Website applications and digital assets accessible to the visually disabled community.

30. On information and belief, the Website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Level AA, or higher versions, of web accessibility.

31. On information and belief, Defendant has not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of the Website to visually disabled individuals who want the safety and ability of purchasing Defendant's merchandise offered on its Website, online from their home.

32. Thus, Defendant has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided by and through the Website, in contravention of the ADA.

33. Under the ADA, public accommodations must ensure that their places of public accommodation provide effective communication for all members of the general public, including individuals with disabilities, such as Plaintiff's.

34. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life.  That mandate extends to internet shopping websites, such as the Website.

35. On information and belief, Defendant is, and at all relevant times has been, aware of the barriers to effective communication within the Website which prevent individuals with visual disabilities from the means necessary to comprehend information presented therein.

36. On information and belief, Defendant is aware of the need to provide full access to all visitors to the Website.

37. The barriers that exist on the Website result in discriminatory and unequal treatment of individuals who are visually disabled, including Plaintiff.

38. Plaintiff has no adequate or complete remedy at law to redress the wrongs alleged hereinabove, and this suit for declaratory judgment and injunctive relief is her only means to secure adequate and complete redress from Defendant's unlawful and discriminatory practices in connection with the Website access and operation.

39. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202.

40. Plaintiff has retained the undersigned attorneys to represent her in this case and has agreed to pay them a reasonable fee for their services.

## **COUNT I – VIOLATION OF THE ADA**

41. Plaintiff re-alleges paragraphs 1 through 40 as if set forth fully herein.

42. Pursuant to 42 U.S.C. § 12181(7)(E), Defendant is a public accommodation under the ADA because it owns and/or operates the Website, as defined within § 1218(7)(E) and is subject to the ADA.

43. Pursuant to 42 U.S.C. § 12181(7)(E), the Website is covered under the ADA because it provides the general public with the ability to locate Defendant's physical stores, purchase merchandise, and sign up for electronic mailers to receive offers, benefits, exclusive invitations, and discounts for use at the physical stores. The Website thus is an extension of, gateway to, and an intangible service, privilege and advantage of Defendant's physical stores. Further, the Website also serves to augment Defendant's physical stores by providing the public information on the various physical locations of the stores and educating the public as to Defendant's available merchandise sold through the Website and in its physical stores.

44. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

45. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

46. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

47. Defendant's Website must be in compliance with the ADA, but it is not, as specifically alleged herein above and below. Compliance will not fundamentally alter the

nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

48. Because of the inaccessibility of the Website, individuals with disabilities who are visually disabled are denied full and equal enjoyment of the information and services that Defendant has made available to the public on its Website and at its physical stores, in violation of 42 U.S.C. § 12101, *et seq.*, and as prohibited by 42 U.S.C. § 12102, *et seq*.

49. The Website was subsequently visited by Plaintiff's expert in March, 2020, and the expert determination was that the same access barriers that Plaintiff had initially encountered still existed as of that date.  Defendant thus has made no material changes or improvements to the Website to enable its full use, enjoyment and accessibility for visually disabled persons such as Plaintiff.  When the Website was revisited by Plaintiff's expert, it was also determined the Website still did not have an "accessibility" notice, policy or statement.  As a result, Defendant has failed to make reasonable modifications in its policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities in violation of 28 C.F.R. § 36.302.  The lack of an "accessibility" notice, policy or statement and the following additional access barriers on the Website continue to render the Website not fully accessible to users who are visually disabled:

    a. Site functions like menu drop-down options not labeled to integrate with the screen reader;

    b. Empty links;

      c. Links not labeled; and

      d. Content was not presented in a way without losing information.

*See*, Expert Declaration (with exhibits 2, 3 and 4) and Curriculum Vitae of Robert D. Moody (Exhibit 1), attached as Composite Exhibit "A".

50. More violations may be present on other pages of the Website, which can and will be determined and proven through the discovery process in this case.

51. There are readily available, well established guidelines located on the internet and elsewhere for making Websites accessible to the visually disabled. These guidelines have been followed by other large business entities in making their websites accessible. Examples of such guidelines include, but are not limited to, adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating such basic components to make the website accessible would neither fundamentally alter the nature of Defendant's business nor would it result in an undue burden to the Defendant.

52. Defendant has violated the ADA – and continues to violate the ADA – by denying access to the Website by individuals, such as Plaintiff, with visual disabilities who require the assistance of interface with screen reader software to comprehend and access internet websites. The violations within the Website are ongoing.

53. The ADA and ADAAA require that public accommodations and places of public accommodation ensure that communication is effective and properly integrated with screen readers and other auxiliary aids and services.

54. According to 28 C.F.R. § 36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and systems". Indeed, 28 C.F.R. § 36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

55. According to 28 C.F.R. § 36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. § 36.303(c)(1)(ii).

56. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

57. As alleged hereinabove, the Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication, and thus violates the ADA.

58. As a direct and proximate result of Defendant's failure to provide an ADA compliant Website, with a nexus to its brick and mortar physical store locations, Plaintiff

has suffered an injury in fact by being denied full access to and enjoyment of Defendant's Website and physical stores.

59.     Because of the inadequate development and administration of the Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 12133 and 28 C.F.R. § 36.303, to remedy the ongoing disability discrimination.

60.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief, including an order to:

    a.     Require Defendant to adopt and implement a web accessibility policy, to make such policy publicly available and directly link such policy from the homepage of the Website to a statement setting forth Defendant's accessibility policy.

    b.     Require that during that time period prior to the Website's being readily accessible, to provide an alternative method for individuals with visual disabilities to access the information available on the Website until such time that the requisite modifications are made.

    c.     Require Defendant to provide the appropriate auxiliary aids that properly integrate with screen readers and other such aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating Defendant's physical stores and locations, and become informed of and purchase Defendant's merchandise online, and during that time period prior to the Website's being designed to permit individuals with visual disabilities to effectively communicate, to provide an alternative method for individuals with visual disabilities to

effectively communicate for such goods and services made available to the general public through Defendant's Website.

    d.    Require Defendant to take the necessary steps to make the Website readily accessible to and usable by visually disabled users to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through the Website.

61.    Plaintiff has been obligated to retain the undersigned law firm for the filing and prosecution of this action and has agreed to pay them a reasonable fee for their services. Plaintiff is entitled to recover her reasonable attorney's fees, costs and expenses pursuant to the ADA.

WHEREFORE, Plaintiff requests an entry of judgment in her favor and against Defendant for the following relief:

    A.    A declaration that Defendant's Website is in violation of the ADA;

    B.    An Order requiring Defendant, by a date certain, to remove barriers and come into full compliance with the requirements of the ADA by curing the defects set forth herein in order that individuals with visual disabilities can access, and continue to access, the Website and effectively communicate with the Website to the full extent required by Title III of the ADA;

    C.    An Order requiring Defendant, by a date certain, to clearly display the universal disabled logo within the Website, wherein the logo (*see* Fn. 1) would lead to a page which would set forth Defendant's accessibility information, facts, policies, and

accommodations. Such a clear display of the disabled logo is to ensure that individuals who are disabled are aware of the availability of the accessible features of the Website;

      D.    An Order directing Defendant, by a date certain, to make publicly available and directly link from the Website homepage, a statement of Defendant's Accessibility Policy to ensure the persons with disabilities have full and equal enjoyment of the Website and shall accompany the public policy statement with an accessible means of submitting accessibility questions and problems.

      E.    An Order requiring Defendant, by a date certain, to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and provide for website accessibility feedback to ensure compliance thereto.

      F.    An Order directing Defendant, by a date certain, to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time to allow Defendant to undertake and complete corrective procedures to the Website;

      G.    An Order directing Defendant, by a date certain, to establish a policy of web accessibility and accessibility features for the Website to ensure effective communication for individuals who are visually disabled;

      H.    An Order requiring, by a date certain, that any third-party vendors who participate on Defendant's Website be fully accessible to the visually disabled;

      I.    An Order directing Defendant, by a date certain and at least once every three months thereafter, to conduct automated accessibility tests of the Website to identify any instances where the Website is no longer in conformity with the accessibility

requirements of the ADA and any applicable accessibility guidelines, and further directing Defendant to send a copy of each quarterly report to Plaintiff's counsel for review.

J.   An Order directing Defendant, by a date certain and at least once yearly thereafter, to provide mandatory web accessibility training to all employees who write or develop programs or code for, or who publish content to, the Website on how to conform all web content and services with ADA accessibility requirements and applicable accessibility guidelines;

K.   An award to Plaintiff of her reasonable attorney's fees, costs and expenses.

L.   Such other and further relief as this Court deems just and equitable.

DATED this 15th day of June, 2020.

> MICHAEL J. ROSEN, P.A.
> *Counsel for Plaintiff*
> 100 SE 2nd Street, Suite 3400
> Miami, Florida  33131
> Tel:  305.446.6116
> Fax:  305.448.1782
> Email: mjr@mjrosenlaw.com
>
> By:   *s/Michael J. Rosen*
>        Michael J. Rosen
>        Fla. Bar No.:  183719